### JAMES SMITH, JR., *versus* JOHN MONTGOMERY.

By R. S., c. 30, § 1, when any dog does any damage to a person or his property, his owner or keeper shall forfeit to the injured person double the amount of the damage done; to be recovered by action of trespass.

If, in an action under this section, the plaintiff allege that, on a day and at a place specified, "the defendant was the *keeper* of a dog," and had been, for some time prior thereto; and that said plaintiff, at said time and place, owned and had in possession a large number of sheep; and said "*defendant's dog*," on, &c., at, &c., without the fault or consent of the plaintiff, "killed and destroyed two of said plaintiff's sheep," &c.: — *Held*, that the plaintiff need not prove that the defendant owned the dog; if he satisfied the jury that the defendant was the keeper of the dog it would be sufficient.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding. TRESPASS.

The action was brought under R. S., c. 30, § 1.

And the declaration was as follows: —

"In a plea of trespass; for that, on the 28th of November last past, at said Bangor, said defendant was the keeper of a dog and dogs, and had been for some time before said date, and said plaintiff, at said date, owned and had in his possession at said Bangor, and had owned and possessed for some time before that date, a large number of sheep; and

said defendant's dog or dogs, on said 28th of November, without any fault of said plaintiff, or any consent thereto, killed and destroyed, at said Bangor, two of said plaintiff's sheep, and mutilated, injured and spoiled three other of said plaintiff's sheep, and rendered them worthless, each sheep of the value of four dollars; and also, prior to said 28th of November, during last summer and fall season, at said Bangor, pursued, worried and destroyed sheep of said plaintiff, of the value of twenty-five dollars, whereby plaintiff is entitled to recover of said defendant, in this action of trespass, double the value of said property destroyed, to wit, — one hundred dollars, all of which is," &c.

The plaintiff introduced testimony to prove his allegation and rested his case.

Defendant then moved the Court to nonsuit plaintiff, for the reason that plaintiff did not conclude his declaration with the words, "contrary to or against the form of the statute," &c.

The Court declined to order a nonsuit, and defendant, reserving his right to except thereto, introduced testimony to the defence.

The defendant contended that the declaration of plaintiff, among other things, alleged, substantially, that defendant was the owner as well as keeper of the dog or dogs, and that, therefore, plaintiff was bound to prove that defendant was the owner of the dog or dogs in order to warrant the jury to find a verdict for plaintiff.

But the Court instructed the jury that it was not necessary for plaintiff to prove that defendant was the owner of the dog or dogs, but it was sufficient to prove that he was the keeper of the dog or dogs, to their satisfaction, if they found that the dog killed or injured plaintiff's sheep, to entitle him to their verdict for twice the amount of the actual damages done thereto.

The verdict was for plaintiff.

To these several rulings of the Court, defendant excepted.

Newhall *v.* Union Mutual Fire Insurance Co.

*A. Sanborn*, for the defendant.

*J. A. Peters*, for the plaintiff.

The opinion of the Court was drawn by

BARROWS, J.—The first exception is waived by the defendant's counsel, as plainly not tenable. *Mitchell* v. *Clapp*, 12 Cush., 378; *Frohock* v. *Pattee*, 38 Maine, 108.

With regard to the second, the allegation in this writ is *not*, as in *Buddington* v. *Shearer*, that the defendant was the "owner and keeper," but simply, that he was the keeper of the dog, and this is sufficient under the statute.

The subsequent phrase, "said defendant's dog," must be deemed to relate to the previous allegation, and plainly means the dog of which the defendant is alleged to have been the keeper. We often speak of property temporarily in the possession of another, as his, without intending to assert that he is the owner thereof, but merely to allude to it as being in his possession or charge.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS, KENT and DICKERSON, JJ., concurred.